1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN CHEN, an individual,<br><br>              Plaintiff,<br><br>     v.<br><br>BAXTER HEALTHCARE CORPORATION, an Illinois corporation; ARETHA BETANCOURT, an individual and DOES 1-100, inclusive,<br><br>              Defendants. | Case No. 8:14-cv-01052-DOC (RNBx)<br><br>**[PROPOSED] ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION**<br><br>Judge:    David O. Carter<br>Ctrm.:    9D<br><br>Complaint Filed: June 5, 2014 |

19548677v.1

On March 31, 2015, Plaintiff Jean Chen ("Plaintiff") and Defendant Baxter Healthcare Corporation ("Defendant") (collectively, the "Parties") filed a Joint Stipulated Protective Order Regarding Production of Confidential Information.  Having considered the contents of the Joint Stipulated Protective Order Regarding Production of Confidential Information, and GOOD CAUSE APPEARING THEREFOR, the Joint Stipulation is hereby approved.

## ORDER

IT IS HEREBY ORDERED that the Parties shall obey the following rules regarding the production of Confidential Information in the above-referenced matter:

## CONFIDENTIAL INFORMATION

1.      The Parties acknowledge that discovery in this action may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary, private or otherwise confidential in nature.

2.      The Parties hereby agree that any party or non-party subject to discovery in this action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action as "Confidential" (hereafter referred to as "Confidential Information").

3.      "Confidential Information" is information that has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary, or otherwise non-public business, technical, or financial information, employee personnel and earnings information, information protected by third-party privacy rights, or information which, if disclosed, will have the effect of causing harm to Defendant's competitive position.  Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also to any summaries, copies, abstracts, compilations, or other documents or material

1

19548677v.1

derived from Confidential Information.  The Parties acknowledge that the only information to be designated as Confidential Information is that which is properly subject to protection.  The Parties will not designate as "Confidential" any discovery material without first making a good faith determination that such protection is warranted.

4.      Any Confidential Information shall be designated "Confidential" by the Parties by so identifying the material with the appropriate legend.  Whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, or when Confidential Information is used during or in connection with a deposition, counsel may: designate on the record prior to such disclosure that such information is being designated as "Confidential."  Only those portions of the transcript of the deposition designated "Confidential" shall be so treated.

## AUTHORIZED USE AND DISCLOSURE

5.      All Confidential Information produced, disclosed, or exchanged in the course of this litigation shall be used by the Parties solely for the purpose of this litigation, and for no other purpose.

6.      Any Confidential Information shall not be disclosed to any person without the written consent of counsel for the designating party, except that disclosure may be made to:

a.      The Parties' counsel in this litigation and their employees, secretaries, and paralegals, provided that each non-lawyer given access to Confidential Information shall be advised that such Information is being disclosed pursuant to, and is subject to, the terms of this Stipulation and Protective Order and that the Information may not be disclosed other than pursuant to the terms of this Joint Stipulated Protective Order;

b.      Outside consultants or experts retained to assist counsel in this action and their agents or employees;

c.      Mock jury participants;

2

d.    Any deposition or non-trial hearing witness in this Action who previously had access to the Confidential Information, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that had access to the Confidential Information, provided that each such witness given access to Confidential Information shall be advised that such Information is being disclosed pursuant to, and is subject to, the terms of this Stipulation and Protective Order and that the Information may not be disclosed other than pursuant to the terms of this Joint Stipulated Protective Order;

e.    Any other person the party designating the Information as confidential agrees to in writing;

f.    Court reporters/certified shorthand reporters in this Action, even if not provided by the Court, whether at depositions, hearings, or any other proceeding; or,

g.    The Court, its personnel and its reporters.

7.    Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 7(a) - 7(f) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as **Exhibit A**.  All such undertakings shall be retained by counsel for the party who discloses Confidential Information in this way. The Court, its personnel and its reporters do not have to sign the undertaking attached as **Exhibit A**.

8.    The Parties shall meet and confer regarding the procedures for use of Confidential Information at trial and shall move the Court for entry of an appropriate order, which may be done orally at the final pretrial conference.  The extent and manner in which any Confidential Information may be used at trial shall be decided by the Court at the final pretrial conference after all parties have had an opportunity to be heard.

3

19548677v.1

Nothing herein shall be construed to affect in any manner the admissibility as evidence of any information or document.

## PROCEDURES FOR FILING WITH THE COURT

9.     Any Confidential Information that is filed with or submitted to the Court shall be accompanied by an application to file the papers or the portion thereof containing Confidential Information (if such portion is segregable) under seal.  If any Confidential Information is submitted to the Court under seal, the party submitting the Confidential Information shall file a copy of the pleading containing the Confidential Information in redacted form.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## MISCELLANEOUS PROVISIONS

10.     Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Stipulated Protective order shall not:

a.     prejudice in any way the rights of the Parties to object to the authenticity or admissibility into evidence of any Confidential Information;

b.     prejudice in any way the rights of the Parties (or any other person subject to the terms of this Joint Stipulated Protective Order) to seek a determination by the Court of whether any particular Confidential Information should be subject to protection as "Confidential" under the terms of this Joint Stipulated Protective Order;

c.     prejudice in any way the rights of the Parties (or any other person subject to the terms of this Joint Stipulated Protective Order) to seek relief from the Court, on appropriate notice to all other Parties to this Action, from any provision(s) of this Joint Stipulated Protective Order, either generally or as to any particular document, material, or information;

4

19548677v.1

d.      prejudice in any way the rights of the Parties to petition the Court for a further protective order relating to any purportedly Confidential Information;

e.      prevent the Parties to this Stipulated Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

f.      limit a Party's ability to grant non-parties access to its own Confidential Information;

g.      be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection; or

h.      prevent a party or third party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Confidential Information requested.

11.     If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.  No action taken in compliance with it shall operate as an admission by the Parties that any particular document or information is or is not confidential.

12.     If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.  At the request of an objecting party, a producing party that has designated any documents or other materials as "Confidential" shall respond with written justification for the designation and supporting legal citation.  If the parties are unable to resolve their dispute informally, the producing party may present a motion to the Court,

5

19548677v.1

pursuant to Central District Local Rules 37-1 through 37-4.  The producing party shall have the burden on any designation motion of establishing the applicability of its "Confidential" designation.  The information shall continue to have Confidential status until the Court issues a decision on the motion.  If the producing party does not file a motion within fifteen (15) business days after receipt of the Local Rule 37-1 written request for Pre-Filing Conference of Counsel, or upon a mutually agreed date, the information will not be deemed Confidential.

13.     The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things.

14.     Any party may consent to have any documents or other materials it previously designated as "Confidential" removed from the scope of this Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition.  Nothing contained in this Order shall prevent any party from disclosing its own Confidential Information as it deems appropriate.

15.     The Receiving party will maintain the documents received and marked confidential in its secure litigation files which are destroyed after five years.  Any copies made during the litigation will be destroyed at the end of litigation.

16.     The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to, the attorney client privilege and the protection afforded to work product materials.

17.     If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed.  Within three (3) business days of the receipt of such notice, each

6

19548677v.1

1    other party shall return to the producing party all such discovery material and copies

2    thereof identified in the notice in its possession, and shall make reasonable efforts to

3    reclaim and return any such discovery material and information.  The party that has

4    inadvertently produced or disclosed such information shall, within ten (10) business days

5    after such material is returned to it, provide a privilege log identifying the discovery

6    material and the copies returned to the producing party such that the non-producing party

7    is able to challenge the producing party's claim that the discovery materials are

8    privileged or otherwise protected.

9         18.    This Stipulated Protective Order may be modified by agreement of the

10   parties, subject to approval of the Court.

11   Nothing in this Stipulated Protective Order shall be construed as authorizing a party to

12   disobey a lawful subpoena issued in another action.

13

14        IT IS FURTHER ORDERED that any person who signs the Agreement attached as

15   **Exhibit A** shall also obey the provisions of the Stipulation and Order.

16

17        **IT IS SO ORDERED.**

18

19   Dated:  <u>April 02, 2015</u>

20                                                   _____

21                                                   Honorable Robert N. Block
                                                     United States Magistrate Judge

22

23

24

25

26

27

28

7

19548677v.1

**EXHIBIT A**

**CONSENT TO BE BOUND**

I, _____, declare:

1.      My address is _____.  My present occupation is _____.

2.      I have received a copy of the **JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION** and **PROTECTIVE ORDER RE PRODUCTION OF CONFIDENTIAL INFORMATION** (collectively, the "Protective Order") in this action entitled *Jean Chen v. Baxter Healthcare Corporation, et. al.*, United States District Court Case No. 8:14-cv-01502-DOC (RNBx).  I have carefully read the provisions of the Protective Order, I understand those provisions, and I agree to be bound by its terms.

3.      I certify that I understand that the Confidential Information is provided to me subject to the terms and restrictions of the Protective Order.

4.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence and will not copy or use except for purposes of this action any information designated as "Confidential" that I receive or view in this action.  I further understand that I am to retain in a secure manner all copies of all Confidential Information provided to me and that all copies of such Information are to remain in my personal custody until termination of my participation in this Action, whereupon I will return the copies of such Information to the attorney who provided me with such Information.

5.      I further irrevocably consent to the jurisdiction of the United States District Court, Central District of California for the limited purposes of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to punish the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

19548677v.1

1    Executed this _____ day of _____, 2015.

2

3                                        _____

4                                                    Signature

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

19548677v.1